## GREAT NORTHERN RY. CO. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).

District Court, D. Minnesota, Third Division. October 19, 1927.

No. 864.

**Railroads ☞5½(51)—Court is without jurisdiction to enjoin action on certificate of Interstate Commerce Commission stating amount due railroad from United States under guaranty (Transportation Act 1920, § 209 [g], being 49 USCA § 77 [g]).**

A certificate issued by the Interstate Commerce Commission to the Secretary of the Treasury, under Transportation Act 1920, § 209 (g), being 49 USCA § 77 (Comp. St. § 10071¼dd), stating the amount due from the United States to a railroad company to make good the guaranty in said section, is not an order reviewable by the courts under the acts giving District Court jurisdiction to review orders of the Interstate Commerce Commission, and the court is without jurisdiction to annul it or enjoin action thereunder.

In Equity. Suit by the Great Northern Railway Company against the United States, with the Interstate Commerce Commission, intervener. On motion to dismiss petition. Granted.

F. G. Dorety, of St. Paul, Minn., Thomas Balmer, of Seattle, Wash., and Fletcher Rockwood, of St. Paul, Minn., for petitioner.

Blackburn Esterline, Asst. Sol. Gen., of Washington, D. C., and Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., for the United States.

D. W. Knowlton, of Washington, D. C., for Interstate Commerce Commission.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges, sitting pursuant to the Urgent Deficiencies Act of October 22, 1913 (38 Stat. 208, 219 [Comp. St. § 992]).

PER CURIAM. The defendant and intervener moved to dismiss the petition on the ground that the court had no jurisdiction. The court ordered that the question of jurisdiction be first argued and determined, and, after oral argument, fixed the time within which briefs should be filed on that ques-

tion. Briefs have been filed by the petitioner, by the defendant, by the intervener, and by C. C. Hine, general solicitor, Chicago, Indianapolis & Louisville Railway Company, as amicus curiæ.

The petitioner, a common carrier, brings this action against the United States of America to enjoin, set aside, annul, and suspend two certificates of the Interstate Commerce Commission of the United States, dated June 17, 1925, and June 8, 1926, respectively, which purport to fix the compensation due to the petitioner under the guaranty of its earnings for the period from March 1, 1920, to September 1, 1920, under the terms of section 209 (41 Stat. 464), and section 212 (41 Stat. 1145, being 49 USCA § 79; .Comp. St. § 10071¼e[1]) of the Transportation Act of 1920, and to restrain the defendant from acting thereunder.

The certificate of June 17, 1925, issued under section 209 (g) of the Transportation Act (49 USCA § 77 [Comp. St. § 10071¼-dd]), certifies to the Secretary of the Treasury that the amount of $11,178,887.31 is the amount necessary to make good to the petitioner the guaranty provided by said section 209; that the Commission had theretofore certified to the Secretary of the Treasury, as advances under section 209 (h), an aggregate amount of $6,500,000, and, as a partial payment under section 209 (g), as amended by section 212, an amount of $6,-000,000, making a total of $12,500,000; that the amount due the United States on account of the overpayment to the petitioner under section 209 (h) is $1,321,112.69.

The certificate of June 8, 1926, entitled "Amended Certificate," certifies that $11,170,-214.02 is the amount necessary to make good to the petitioner the guaranty under section 209; that the amount already paid to the petitioner under section 209, and section 209 as amended by section 212, is $12,500,000. The petition alleges that these certificates of the Interstate Commerce. Commission are erroneous, and do not fix the amount to which the petitioner is entitled under the sections of the Transportation Act referred to, and are therefore unlawful and void.

The petition shows that the United States has asserted a claim against the petitioner in the amount of $1,329,785.98, with interest at 6 per cent. per annum from July 8, 1926, because of the alleged overpayment. In order to avoid the offsetting of the claim of the United States against amounts due the petitioner from the government for transportation services, the petitioner, on September 20, 1926, deposited government securities pending the determination of this controversy, upon the understanding that, if it should be determined that the claim of the government is a valid claim, it might be offset against the securities so deposited, and, if it should be determined to be an invalid claim, the securities should be returned.

The claim of the petitioner is, in effect, that the Interstate Commerce Commission failed to comply with the law in determining the amount due the petitioner under the Transportation Act; that the certificates constitute orders of the Commission, which may be enjoined or annulled by this court, acting under the provisions of the Urgent Deficiencies Act.

After considering the arguments and briefs of counsel, we have reached the conclusion that this court has no jurisdiction to grant the relief prayed for by the petitioner, on the grounds (1) that the certificates are not orders which can be enjoined or annulled under the provisions of the acts giving this court jurisdiction to review orders of the Interstate Commerce Commission; (2) that Congress has not consented that the United States be sued in this court in this proceeding.

It is ordered that the petition be dismissed for want of jurisdiction.